## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEMONT DWAYNE THOMPSON,

                Petitioner,


        v.                      CASE NO. 04-3324-RDR

E.J. GALLEGOS,

                Respondent.


### MEMORANDUM AND ORDER

      This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner Thompson is serving a federal sentence of 168 months imposed[1] in January, 1995 upon his convictions in the United States District Court for the Northern District of Illinois for conspiracy to possess with intent to distribute cocaine base and heroin. Petitioner challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons (BOP). For the following reasons, the court finds petitioner's claim is without merit.


### CLAIM

      In his habeas Petition, Thompson asserts his due process and equal protection rights are violated by the BOP's failure to award him 54 days good time credit for each year of his 168-

---

[1] Petitioner's offense was committed in November, 1993.

month sentence.  He claims entitlement to this credit under the "plain language" of 18 U.S.C. 3624(b).  An Order to Show Cause issued, respondent filed an Answer and Return, and petitioner filed a Traverse along with a Motion for Appointment of Counsel (Doc. 7).

## EXHAUSTION OF ADMININSTRATIVE REMEDIES

In June 2004 Thompson submitted an "Informal Attempt to Resolve" asserting his GCT had been miscalculated.  He claimed he was statutorily entitled to 54 days GCT for each of the 14 years of his imposed sentence, but was receiving it for only 12 years.  Petitioner then filed an inmate request for administrative remedy asserting he was entitled to have his GCT calculated with reference to his full sentence.  The warden denied the request, citing 18 U.S.C. 3624(b), a BOP regulation, and policy statement, which he explained "interpreted section 3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time imposed."  Thompson appealed to the BOP regional and central offices[2] without success.

_____

[2]        The BOP Central Office responded:
. . . . The interpretation of (section) 3624(b) by the Bureau is contained in 28 CFR 523.20, which provides that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served.  This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."  The method of calculation is set forth in Program Statement 5880.28, Sentence Computation Manual CCCA, pgs. 1-40 and 1-41: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year."

Petitioner has fully exhausted his administrative remedies.

**PENDING MOTION**

The court has considered petitioner's Motion for Appointment of Counsel. Therein, petitioner requests counsel because respondent has counsel and to assist him in gathering "data and information." Respondent objected, and petitioner replied that the issue is complex and he needs legal assistance to obtain "documents of the congressional hearings of 1994 and 1996," depositions of members of Congress, Senator Joseph Biden in particular, who were involved in passage of the bill, and "other important documents and material" to support his claims. Petitioner does not explain why counsel is required to obtain documents and other materials. Nor does he specify what additional materials an attorney could acquire that might prove his claim. The court finds that the facts of petitioner's case are not in dispute, and that the question presented in this action is one of statutory interpretation. The legal arguments upon which petitioner's claim is based have been presented by federal inmates across the country and discussed by various

---

BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year. As each year of actual service ends, another deduction is made for the time served and good conduct time earned for the year. Good time is awarded proportionally based on actual time served in the last partial year. . . .

federal district and appellate courts.  The court concludes that the appointment of counsel is not warranted.  Accordingly, petitioner's Motion for Appointment of Counsel shall be denied.


**LEGAL STANDARDS**

18 U.S.C. 3624(b) currently provides in relevant part:

(b) Credit toward service of sentence for satisfactory behavior.--
    (1) . . . [A] prisoner who is serving a term of imprisonment of more than 1 year, other than a term of imprisonment for [life], may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days, at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with such institutional disciplinary regulations . . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. 3624(b)(adopted by Congress as part of the Comprehensive Crime Control Act of 1984, effective Nov. 1, 1987; and amended in 1994).  In 1992, the BOP issued Program Statement 5880.28[3] as part of its Sentence Computation Manual, which

---

[3]

The BOP's Program Statement contains a formula for calculating partial year credit and numerous examples of how to calculate credit.  In White v. Scibana the First Circuit noted the BOP's "proration and year-and-a-day formula is based on the premise that for every day a prisoner serves on good behavior, he may receive a certain amount of credit toward the service of his sentence, up to a total of fifty-four days for each full year."  They noted that under the BOP's formula,

a prisoner earns .148 days' credit for each day served on good behavior (54 / 365 = .148), and for ease of administration the credit is awarded only in whole day amounts.
Recognizing that most sentences will end in a partial year, the Bureau's formula provides

provides: "GCT <u>is</u> <u>not</u> awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served."  In 1997, the BOP promulgated a rule[4] interpreting Section 3624(b), 28 C.F.R. 523.20, which states: "[p]ursuant to 18 U.S.C. 3624(b), . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served."  <u>O'Donald v. Johns</u>, 402 F.3d 172, 173 (3rd Cir. 2005); <u>White</u>, 390 at 997.

In <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984), the United States Supreme Court established a two-step judicial review process of an agency's interpretation of a statute.  <u>Yi</u>, 412 F.3d at 530.  The first step is reading the language of the statute to determine whether it directly addresses the precise question.  "If the

_____

that the maximum available credit for that partial year must be such that the number of days actually served will entitle the prisoner (on the .148-per-day basis) to a credit that when added to the time served equals the time remaining on the sentence.
 <u>White v. Scibana</u>, 390 F.3d 997, 999-1000 (7th Cir. 2004), <u>cert.</u> <u>denied</u>, 125 S.Ct. 2921 (2005); <u>Perez-Olivo</u>, 394 F.3d 45, 47-48 (1st Cir. 2005).

[4]

The BOP promulgated this regulation using the notice and comment procedure of the Administrative Procedure Act, 5 U.S.C. 553.  <u>Perez-Olivo</u>, 394 F.3d at 48; <u>Yi v. Federal Bureau of Prisons</u>, 412 F.3d 526, 529 (4th Cir. 2005); <u>Loeffler v. Bureau of Prisons</u>, 2004 WL 2417805 at *5 (S.D.N.Y. October 29, 2004, unpublished)(A&R, Doc. 7, Exhib. C); <u>Vargas-Crispin v. Zenk</u>, 376 F.Supp.2d 301, 304 (E.D.N.Y. 2005).  Courts have held the agency's interpretation is entitled to full deference as a result.  <u>Id</u>. A magistrate judge in Texas found it significant that the BOP did not implement this regulation via the Federal Register notice-and-comment procedure until 1997, which was after the petitioner's conviction in that case.  <u>Moreland v. Federal Bureau of Prisons</u>, 363 F.Supp.2d 882, 893 (S.D.Tex. 2005), *citing* 28 C.F.R. 523.20 (promulgated in 62 Fed.Reg. 50, 786 (Sept. 26, 1997).  In this case petitioner's conviction was also prior to the BOP's promulgation of its regulation.

intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." <u>Chevron</u>, 467 U.S. at 842-43. However, "if the statute is silent or ambiguous with respect to the specific issue," the second step is for the court to determine "whether the agency's answer is based on a permissible construction of the statute." <u>Id</u>. at 843. In determining whether a regulation is reasonable, the court "need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading (the court) would have reached if the question initially had arisen in a judicial proceeding." <u>Id</u>. at FN 11.

**<u>DISCUSSION</u>**

Thompson asserts that the "plain language of the statute" requires the BOP to calculate his GCT based on the sentence imposed[5] rather than time actually served. He contends the BOP's interpretation is contrary to the "unambiguous intent of Congress that prisoners are eligible to earn 54 days credit for each year of 'the term of imprisonment'." Besides the language of the statute, petitioner cites as authority statements of

---

[5]

Like the petitioner in <u>Yi</u>, Kelley argues "that by using the phrase 'term of imprisonment' in subsection (b), Congress intended that the agency award GCT based upon the length of the sentence imposed, not time actually served." <u>Yi</u>, 412 F.3d at 529. In other words, "term of imprisonment" in subsection (b) means "sentence imposed," not "time served."

Senator Joseph Biden made in 1996 and the history of federal good time statues.

Thompson complains that under the BOP's interpretation he will receive 47 rather than 54 GCT days per year[6] and serve more than 85% of his sentence.  The BOP has calculated his projected release date as January 21, 2006.  Thompson claims it should be by early November, 2005, instead.  The court is asked to order the BOP to recalculate petitioner's projected release date based upon his sentence as imposed.

Respondent counters that "pursuant to the plain words of the statute" the BOP requires an inmate to earn his GCT by awarding it at the end of the year for satisfactory behavior, rather than automatically at the beginning of the sentence. Respondent alleges that petitioner has been awarded GCT in accordance with 28 C.F.R. 523.20 and BOP's Program Statement 5880.28.  He further alleges that according to the Sentence Computation Manual,

> . . . an inmate's full term date is determined
> by adding the length of the sentence imposed
> reduced by time spent in custody prior to

---

[6] Thompson complains that the BOP'S method is too complicated to have been intended.  However, their method of crediting a prisoner with 365 days of credit after one full year of service and then, assuming exemplary conduct, awarding additional credit for 54 days "beyond time served" seems at least as simple as the process suggested by petitioner of considering one year served 54 days before each year has ended, and certainly more congruous with the wording of the statute.

The complicated examples in the BOP's Program Statement appear to involve calculations of credit for partial last years, which could require proration under either process.

> sentencing, to the date the sentence began.
> Next, beginning at the end of the first year of
> service of the term, the BOP subtracts 54 days
> of GCT from the full term date.  After service
> of each subsequent year, the BOP subtracts 54
> days of GCT from the newly established statutory
> release date (cite omitted).  Finally, the GCT
> for the last portion of a year of the term of
> imprisonment is prorated using a formula set
> forth in the BOP Program Statement (cite
> omitted).
>
> In accordance with this formula, it has been
> determined that if petitioner maintains
> satisfactory behavior, he will earn 658 days of
> GCT . . . .  Petitioner is scheduled to be
> released on January 21, 2006, via good conduct
> time release.

Answer & Return (Doc. 9) at 2.  Respondent asserts an inmate's

receipt of GCT based on the length of the sentence imposed is

contrary to the language of Section 3624(b).  He states the

premise underlying the BOP's calculation is that a prisoner

awarded GCT will not be required to serve all the months of his

sentence.  He posits that accepting petitioner's interpretation

would allow him to receive credit for time he never actually

serves in prison and during which he never demonstrates

satisfactory institutional behavior.  He contends the proration

language of the statute also indicates Congress intended to

predicate GCT credit on time actually served.  Finally,

respondent argues that if the statute is ambiguous, the BOP's

interpretation is reasonable and entitled to deference.


**READING THE STATUTE**

The controversy in this case involves the meaning of the phrase "term of imprisonment" when used for the third time in subsection(b)(1). The statute as a whole does not contain a definition of this phrase. To determine Congressional intent, the court uses "traditional tools of statutory construction." See Chevron, 467 U.S. at 843 FN9. The most traditional tool is reading the text. If the text clearly requires a particular outcome, either implicitly or expressly, it is not "silent" in the Chevron sense. See Engine Mfrs. Ass'n v. U.S. E.P.A., 88 F.3d 1075, (D.C. Cir. 1996). Since the phrase "term of imprisonment" standing alone[7] has more than one meaning and is therefore ambiguous, the court must ask whether the ambiguity can be resolved by looking to the "specific context in which [the] language is used, and the broader context of the statute as a whole," as well as its object and policy. See Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997); United States Nat'l Bank of Oregon v. Independent Ins. Agents, 508 U.S. 439, 455 (1993). Having considered these matters, this court does not believe Congress had no specific intent as to the meanings of "term of imprisonment." Instead, it is clear that Congress had specific intent, but inartfully used a single term to express

---

[7] The phrase "term of imprisonment" does not literally translate to sentence, but is much closer in a literal sense to time in prison. However, as seen in Section 3624, it is actually used to mean either sentence or time in prison. Which usage is intended in each instance must be ascertained since a prisoner's time in prison is usually significantly less than his or her sentence.

two different time frames within the same statute and even the same subsection.

The several courts that have already analyzed the language of Section 3624(b) under Chevron "focused primarily on the meaning of the statutory phrase 'term of imprisonment'." White, 390 F.3d at 1001. As noted in White:

> The phrase appears several times in (section) 3624. In subsection (a)[8] the statute says that the Bureau shall release a prisoner 'on the expiration of the prisoner's term of imprisonment, less any time credited' under subsection (b). The phrase 'term of imprisonment' as used in subsection (a) must refer to the expiration of the *sentence imposed* . . . . Similarly, in subsection (b), the statute provides that a prisoner is eligible for good-time credit if he is 'serving a term of imprisonment of more than 1 year,' other than a term of life imprisonment. In this part of the statute 'term of imprisonment' must also refer to the sentence . . . .

Id. However, in subsections (c) and (d) of Section 3624, Congress clearly used the phrase "term of imprisonment" to mean "time served." For example, subsection (d) states: "Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the [BOP] shall furnish the prisoner with [suitable clothing, an amount of money, and transportation]." 18 U.S.C. 3624(d). Plainly, Congress intended the prisoner be

---

[8] Subsection (a) currently provides: "Date of release–A prisoner shall be released by the Bureau of Prisons on the date of expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)."

furnished with these items when he is released from prison after completion of "time served," rather than months or years later when his sentence expires. Perez-Olivo, 394 F.3d at 49. Furthermore, in the last sentence of subsection (b) the phrase must refer to time in prison where Congress provided: "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

The foregoing analysis leads this court to agree with the Seventh Circuit in White that "it is impossible to make sense of 28 U.S.C. 3624 while giving the phrase 'term of imprisonment' one meaning throughout." Id. at 1002; Loeffler[9], 2004 WL 2417805 at *11 (problem with Leffler's argument is that the phrase is not, in fact, used consistently throughout the statute to mean "sentence imposed"); Perez-Olivo, 394 F.3d at 49; Yi,412 F.3d at 530. This court declines to adopt a "static judicial definition" of this phrase, when it is clear that Congress itself has not commanded one. See Chevron, 467 U.S. at 837, 842. This court finds[10] instead that the phrase "term of imprisonment" as utilized in Section 3624 unmistakably has two

_____

[9]

The unpublished decisions referred to in this opinion are cited for their persuasive value only. 10th Cir. R. 36.3(B).

[10]

This finding is a rejection of a main premise underlying petitioner's claim - his assertion that the phrase "term of imprisonment" means sentence imposed in the language regarding calculation of GCT because it is unambiguous and always means sentence imposed.

different meanings[11].  <u>See</u>, <u>Chevron</u>, 467 U.S. at 857.  The question of which meaning is intended in the specific language regarding the award of credit is the precise issue before the court.

At the outset, this court rejects petitioner's contention that the phrase as used in this particular portion of Section 3624(b)(1) unambiguously requires that his GCT be based on the sentence imposed.  <u>See</u> <u>Sample</u>, 406 F.3d at 313.  Petitioner's interpretation of this portion of the statute is illogical given the statute's purpose of an annual year-end assessment and reward of exemplary institutional conduct, together with the language "at the end of each year" and "during that year," as well as the final partial-year proration provision.  As other courts have noted, petitioner's interpretation "would undermine the basic design of the statute."  <u>Yi</u>, 412 F.3d at 532; <u>Perez-Olivo</u>, 394 F.3d at 53 (directives in the statute require the BOP to evaluate a prisoner's conduct over the prior year, which

---

[11]

One law review commentator asserts Section 3624(b) is not ambiguous but "is a process in itself," which when properly "read from the top down" clearly "redefines the phrase 'term of imprisonment'." The writer of the article explains that first, the phrase "term of imprisonment" is used three times in Section 3624 to mean "sentence imposed"–once in subsection (a) and twice at the beginning of (b); second, (b) provides a prisoner "may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment"; and finally, the phrase is used three more times to mean 'time served'– once each in subsections (b), (c) and (d). The "significant effect of the second step noted above is to redefine 'term of imprisonment'. . . ." The language of Section 3624 thus "transforms a court-imposed 'term of imprisonment' into a GCT-adjusted 'term of imprisonment' that may or may not be of the same length."  "Criminal Law–Postsentence Administration–Seventh Circuit Upholds Federal Bureau of Prisons Interpretation of Federal Good Conduct Time Statute. – <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004)," 118 Harv.L.Rev. 2037, 2043 (April, 2005).

makes it reasonable for the BOP to award GCT only for time served); <u>White</u>, 390 F.3d at 1001; <u>O'Donald</u>, 402 F.3d at 174 (to calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated); <u>Sample</u>, 406 F.3d at 313 (statute contains no language that would permit prisoner to receive additional good time credit based on the original, imposed prison term and provides no method for computing such credit); <u>William v. Lamanna</u>, 20 Fed.Appx. 360, 361, 2001 WL 1136069 (6th Cir. Sept. 19, 2001, unpublished)(A&R, Doc. 7, Exhib. C)(statute clearly states that good conduct time is awarded on time served . . ., not on the time that might potentially be served); <u>Brown v. Hemingway</u>, 53 Fed.Appx. 338, 339 2002 WL 31845147 (6th Cir. Dec. 16, 2002)(BOP "follows the language of the statute and grants 54 days of credit for each year actually served"); <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1105 (2002)(statutory language does not provide clear guidance, but "certainly does not compel conclusion" that "term of imprisonment" must refer to sentence imposed; reading is inconsistent with the statute which provides that credit for the last year of the term of imprisonment shall be prorated; petitioner's interpretation would confer upon the prisoner a bonus during his last year of imprisonment and nothing in the statute suggests Congress intended to give the prisoner such a windfall); <u>Pasciuti v.</u>

<u>Drew</u>, 2004 WL 1247813, at *5 (N.D.N.Y. June 2, 2004, unpublished) (A&R, Doc. 7, Exhib. C)(granting GCT for years that will not be served is illogical, because compliance with disciplinary rules during those years is not possible; BOP's interpretation is not only reasonable, but is in fact the only logical one).

This court is also inclined to reject the argument that Section 3624(b) is ambiguous to the extent that which of the dual meanings of the phrase is intended cannot be discerned. Instead, the court opines that the intent of Congress is apparent from the face of 18 U.S.C. 3624(b) upon careful reading and consideration of its content, context and the effects of the alternative interpretations. Just as it is clear from the purposes and other language in subsection (a), in the eligibility portions of (b), and in subsections (c) and (d), which usages of the phrase were intended therein, it is also clear from the purpose and other language of the portion of 3624(b)(1) regarding the award of GCT that the intended meaning therein is "time served." Thus, this court is of the opinion that the BOP's implementation could be upheld based upon the language of the statute. See <u>United States v. Sack</u>, 379 F.3d 1177, 1179 (10th Cir. 2004), <u>cert</u>. <u>denied</u>, 125 S.Ct. 1724 (2005).

The BOP's interpretation and implementation of Section 3624(b) provide the only logical results and comport with the

"retrospective annual assessment and award of credit (which)
appears to be at the core of what the good-time statute is all
about." White, 390 F.3d at 1002. The court agrees with the
reasoning stated in White:

> . . . [T]he specific use of the phrase 'term of
> imprisonment' at issue here--in the part of the
> statute that describes how good-time credit is
> awarded--appears *not* to refer to the sentence
> imposed. Subsection (b) provides that a
> prisoner 'may receive' good-time credit 'beyond
> the time served, of up to 54 days at the end of
> each year of the prisoner's term of imprisonment
> . . . . The statute thus establishes a process
> of awarding credit at the end of each year of
> imprisonment based on a review of the prisoner's
> behavior during that year, a process that would
> be undermined if 'term of imprisonment' means
> 'sentence imposed.' This is because the
> accumulation of good-time credit reduces the
> amount of time a prisoner will ultimately spend
> in prison, sometimes . . . by more than an
> entire year. The Bureau cannot award credit for
> good conduct if the prisoner is not still in
> prison.

White, 390 F.3d at 1001; see also Sample, 406 F.3d at 312
(statute makes clear that good time credit must be earned by a
prisoner on an annual basis and is not awarded in advance);
Williams v. Lamanna, 20 Fed.Appx. at 361 (statute clearly states
that good conduct time is awarded on time served by the inmate,
not on the time that might potentially be served). The language
of the statute plainly manifests Congress' intent that credit be
awarded only after 365 days of exemplary conduct have been
demonstrated. It expressly provides that 54 days of credit are
to be awarded "beginning at the end of the first year" and "at

the end of each year." This interpretation does not conflict with any other section of 18 U.S.C. 3624; and petitioner has not articulated, nor can this court discern, any reason why the statutory language should be read as Congress intending a credit of 15% of the inmate's sentence. <u>Cf.</u>, <u>U.S. v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 243 (1989). Where the meaning of a particular statutory provision is sufficiently plain when a court focuses on the broader, statutory context, resort should not be had to legislative history or other extrinsic evidence. <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105, 119 (2001).

## <u>AGENCY'S INTERPRETATION IS REASONABLE</u>

The court further finds that, at worst, this particular portion of the statute is rendered ambiguous by Congress' use of a single  phrase to mean two different things in various parts of the same statute. <u>Cf.</u> <u>Sullivan v. Stroop</u>, 496 U.S. 478, 484 (1990)(statutory terms should be interpreted, whenever possible, with an eye to intra-statutory consistency). Whether this court relies upon the statutory language or finds it to be ambiguous, petitioner is entitled to no relief.

Every court that has upheld the BOP's interpretation of Section 3624(b), including nine Circuit Courts[12] which thoroughly discussed the issue, decided the language of the statute is

---

[12] This court found no opinion on this issue of the Tenth or Second Circuit Courts of Appeals.

ambiguous, but the BOP's interpretation is reasonable.  <u>See</u>
<u>e.g.</u>, <u>Perez-Olivo</u>, 394 F.3d at 51, 53 (1st Cir.)(plain language
of statute is ambiguous, but BOP's interpretation is
reasonable); <u>O'Donald</u>, 402 F.3d at 174 (3rd Cir.)(meaning of
statute ambiguous, but defers to BOP's interpretation as
reasonable); <u>Yi</u>, 412 F.3d at 534 (4th Cir.)("term of
imprisonment" in 3624 is ambiguous, and BOP has reasonably
interpreted the statute); <u>Sample</u>, 406 F.3d at 313 (5th Cir.) (if
this statutory language does not "plainly" support BOP's
computation method, then it is at worst ambiguous; if ambiguous,
then deference to BOP's "permissible" interpretation is
required)(dicta); <u>Petty v. Stine</u>, ---F.3d---, 2005 WL 2258042
(6th Cir. Sept. 19, 2005), <i>citing</i> <u>Brown v. Hemingway</u>, 53
Fed.Appx. at 339 (BOP's interpretation of statute is
reasonable); <u>White</u>, 390 F.3d at 1002 (7th Cir.) (Section 3624 is
ambiguous, but defers to BOP's "reasonable interpretation" in
light of the statutory language); <u>James v. Outlaw</u>, 126 Fed.Appx.
758, 759 (8th Cir. March 24, 2005, unpublished)(3624(b) is
ambiguous because it does not clearly indicate whether a
prisoner's good time credits are based on the time served in
prison or the sentence imposed); <u>Pacheco-Camacho</u>, 272 F.3d at
1271 (9th Cir.)(meaning of statutory language "at best ambiguous"
and therefore must defer to the reasonable interpretation
adopted by BOP); <u>Brown v. McFadden</u>, 416 F.3d 1271, 1272 (11th

Cir. 2005)(although the plain text of 3624(b)(1) is ambiguous, BOP's interpretation is reasonable); Vargas-Crispin, 376 F.Supp.2d at 301; Brown v. Rios, No. 04-1560 (D. Colo. September 30, 2004, unpublished)(phrase is ambiguous and BOP's interpretation is a permissible construction). In the face of such imminent authority, this court rests its decision on this alternative holding.

District court opinions, which have found 3624(b) is unambiguous and that "term of imprisonment" therein means "sentence imposed," are not persuasive, particularly in light of the subsequently published opinions to the contrary of their respective appellate courts. See e.g., White v. Scibana, 314 F.Supp.2d 834 (W.D. Wisc. 2004)[13], reversed White, 390 F.3d at 997 (7th Cir.); Williams v. Dewalt, 351 F.Supp. 412 (D.Md. 2004), but cf. O'Donald, 402 F.3d at 172 (3rd Cir.); Moreland, 363 F.Supp.2d at 882 (S.D.Tex., but cf. Sample, 406 F.3d at 310 (5th Cir.) (published after district court decision in Moreland).

This court fully agrees that if 18 U.S.C. 3624(b) is ambiguous, then the BOP's interpretation is reasonable[14] and

---

[13]

In his Traverse, petitioner cites the district court opinion in White as authority for his claim, which, as noted, has since been reversed.

[14]

As the 3rd Circuit in O'Donald succinctly stated "We agree with the First, Seventh, and Ninth Circuits that the BOP's interpretation is reasonable (citations omitted). In particular, we agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty,

entitled to deference. When a court reviews an agency's construction of a statute which it administers, the two-part <u>Chevron</u> test may apply. <u>Chevron</u>, 467 U.S. at 842. Clearly, the BOP administers the federal good-time statute. It evaluates each federal inmate's adherence to institutional rules on a yearly basis, determines how much of the available credit is due, prorates credit for the last year or portion of a year, and calculates the projected release date. The BOP must interpret "term of imprisonment" in order to determine how much GCT can be awarded. <u>Perez-Olivo</u>, 394 F.2d at 52.

As noted, the agency construction need not be the only permissible one. Inherent within an agency's power to administer a congressionally created program such as the GCT program is the authority to formulate policy and make rules "to fill any gap left, implicitly or explicitly, by Congress." <u>Chevron</u>, 467 U.S. at 843. Even when the legislative delegation to an agency is implicit rather than explicit, a court may not substitute its own construction of a statutory provision for a reasonable interpretation by the administering agency. <u>Id</u>. If the agency's construction is a reasonable accommodation of conflicting usages, it should not be disturbed unless it appears from the statute or its legislative history that "the

---

and prevents certain inmates from earning GCT for time during which the were not incarcerated. O'Donald, 402 F.3d at 174, *citing* Pacheco-Camacho, 272 F.3d at 1270-71.

accommodation is not one that Congress would have sanctioned." Id. at 843 FN 9, 845. Even if the BOP's interpretation is not entitled to full deference[15] under Chevron as when there has been an express delegation or after the notice and comment procedure, the agency's interpretation is entitled to the "considerable weight (which) should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer . . . ." Chevron, 467 U.S. at 844; Mead, 533 U.S. at 227. As the U.S. Supreme Court noted in Mead:

> [A]dministrative implementation of a particular statutory provision qualifies for Chevron deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority. Delegation of such authority may be shown in a variety of ways, as by an agency's power to engage in adjudication or notice-and-comment rulemaking, or by some other indication of a comparable congressional intent.

Id., at 227. The Court further noted, "Whether or not they enjoy any express delegation of authority on a particular question, agencies charged with applying a statute necessarily make all sorts of interpretive choices . . . , and the "well-reasoned views of the agencies implementing a statute 'constitute a body of experience and informed judgment to which

---

[15] Internal agency guidelines that were not "subject to the rigors of the [APA], including public notice and comment," are entitled only to "some deference." See e.g., Reno v. Koray, 515 U.S. 50, 61 (1995); but see U.S. v. Mead, 533 U.S. 218, 228 (2001).

courts and litigants may properly resort for guidance'." _Id_., _citing_ <u>Bragdon v. Abbott</u>, 524 U.S. 624, 642 (1998). The court finds the agency's interpretation of Section 3624 in this case is rational, consistent, persuasive, formal, was the subject of thorough consideration, and is not arbitrary, an abuse of discretion or in excess of its jurisdiction.

Moreover, the interpretation by the BOP challenged in this case was "the fruit of" notice-and-comment rulemaking prior to petitioner's challenge, indicating the agency had the rulemaking power that is a "very good indicator of delegation meriting <u>Chevron</u> treatment." This court does not find significant the fact that the formal process was not invoked to promulgate a regulation prior to petitioner's offense as no claim is made of retroactive punishment and the BOP's interpretation was implemented by program statement prior to the time petitioner committed his offense.

Petitioner's challenge to the BOP's construction of this statutory provision really centers on his claim of entitlement to the advantage inmates would receive if the statute were interpreted as urged. However, his arguments in no way address whether the BOP's interpretation is a "reasonable choice within a gap left open by Congress." <u>Chevron</u>, 467 U.S. at 866. This court has a duty to respect the legitimate policy choice made by the BOP. <u>Id</u>.

**LEGISLATIVE HISTORY**

Petitioner heavily relies upon alleged legislative history as support for his claim. His motion for appointment of counsel indicates he believes statements by individual members of Congress involved in passing the bill containing section 3624 could retrospectively resolve the ambiguity in the statute. When the language of a statute is unclear, the court may consult its legislative history as a guide to congressional intent. Most courts that have been presented with and considered the legislative history of Section 3624[16] found it to be "of no help in the court's analysis," either because the interpretation of the phrase "term of imprisonment" was not addressed, as in the Senate report; or statements[17] of lawmakers proffered as evidence

---

[16]

As early as 1944, a federal inmate could receive good time credit against the "term of his sentence." 18 U.S.C. 701 (1944). In 1948, the statute was amended so that good time was "credited as earned and computed monthly." In 1952, this statute was interpreted in Hunter v. Facchine, 195 F.2d 1007 (10th Cir. 1952) as requiring good time to be computed on the basis of actual time served rather than the sentence imposed. See Williams v. Dewalt, 351 F.Supp.2d at 418, *citing* H.R. Rep. 86-935 (Aug. 18, 1959), reprinted in 1959 U.S.C.C.A.N. at 2519. This interpretation resulted in prisoners remaining confined longer than under the previous law. In 1959 Congress amended 18 U.S.C. 4161 to delete "time served" language and return to crediting good time against the sentence imposed. Id.; Moreland, 363 F.Supp.2d at 889. It is undisputed that in repealing Section 4161 and adopting Section 3624(b), no mention was made of an intent to credit good time against either the sentence imposed or time served. The main intention expressed by Congress in adopting Section 3624 was that good time credit be easily determined. See S. Rep. 98-225, reprinted in 1984 U.S.C.C.A.N. 3329.

[17]

Petitioner in this case relies upon statements made by Senator Biden in the Congressional Record referring to the opportunity for prisoners to serve only 85% of their sentence. Other courts have rejected these statements as too retrospective to evidence congressional intent and "irrelevant inasmuch as none arose in the specific context of an interpretation of section 3624." Id. at *5; Perez-Olivo, 394 F.3d at 51

were made long after Section 3624 was enacted and therefore did not carry weight as legislative history. See e.g., Loeffler, 2004 WL 2417805 at *4-*5; but cf., Moreland, 363 F.Supp.2d 882, 887-89. This court agrees that the legislative history on this issue has been "unilluminating," in that the remarks pointed to by prisoners "were obviously not made with this narrow issue in mind" and cannot be said to demonstrate a Congressional intent on the issue. Loeffler, 2004 WL at *4; Perez-Olivo, 394 F.3d at 51. These sources do not define "term of imprisonment," much less tell us it is to have a single definition. Id. Instead, the legislative history as a whole is silent on the precise issue before the court. Post-enactment statements by individual members of Congress as to the meaning of a statute are not part of the legislative history of the original enactment and are entitled to little or no weight. See Cannon v. University of Chicago, 441 U.S. 677, 686 FN 7 (1979); Tennessee Valley Authority v. Hill, 437 U.S. 153 (1978); Blanchette v. Connecticut General Ins. Corporations, 419 U.S. 102, 132 (1974); see also Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 457 (2002). As sources removed from the full Congress, they should

---

FN3. The magistrate judge in Moreland, 363 F.Supp.2d at 882, in a well-reasoned opinion found the legislative history, while not conclusive, supportive of petitioner's interpretation of Section 3624(b). However, this court is more persuaded by the contrary opinions of the several Circuit Courts cited herein. The language of the statute as enacted expressly grants 54 days credit per year. No mention is made in the statute of a credit of 15%. However, 54 days is 14.8% of 365 days, or a credit of nearly 15% for every year served. Perez-Olivo, 394 F.3d at 51.

not be accorded significance.  See Kelly v. Robinson, 479 U.S. 36, 51 (1986).

**CONCLUSION**

This court concludes that whether or not 18 U.S.C. 3624(b) is ambiguous on its face, the BOP's interpretation and implementation of this statute in awarding GCT to petitioner is lawful.  The court concludes that petitioner is not entitled to federal habeas corpus relief.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's Motion for Appointment of Counsel (Doc. 7) is denied.

IT IS FURTHER ORDERED that this action is dismissed and all relief denied.

DATED:  This 29th day of September, 2005, at Topeka, Kansas.


                                   s/RICHARD D. ROGERS
                                   United States District Judge